IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RHONDA D'AMICO, Individually and<br>RHONDA D'AMICO and JOHN D'AMICO<br>as Husband and Wife<br>2208 Villamar Drive<br>Leland, NC 28451 | * | |
| Plaintiffs | * | |
| v. | * | CASE NO. |
| CHARLES CATTANO, M.D.<br>820 Bestgate Road, Suite 2B<br>Annapolis, MD 21401 | * | |
| and | * | |
| ANNE ARUNDEL GASTROENTEROLOGY<br> ASSOCIATES, P.A.<br>820 Bestgate Road, Suite 2B<br>Annapolis, MD 21401 | * | |
| SERVE ON: Resident Agent<br>James M. Blake, Jr., M.D.<br>171 Defense Highway<br>Annapolis, MD 21401 | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **COMPLAINT**

Now comes Plaintiffs, Rhonda D'Amico, Individually and Rhonda D'Amico and John D'Amico as Husband and Wife, by and through their attorneys, Laurence A. Marder and Salsbury, Clements, Bekman, Marder & Adkins, LLC, and sue the Defendants herein and state as follows:

### **COUNT I - RHONDA D'AMICO, INDIVIDUALLY**

1.   The amount of this claim exceeds thirty thousand dollars ($30,000.00).

2. The venue is proper in the United States District Court for the District of Maryland. All procedural requirements for filing have been met, including filing of the claim in the Health Claims Alternative Dispute Resolution Office of Maryland. Certificate of Qualified Expert and Report of Michael D. Apstein, M.D. is attached as **Exhibit A**.

3. At all times hereinafter set forth, the Defendant, Charles Cattano, M.D. held himself out to the Plaintiffs and to the general public as an experienced, competent, and able physician and health care provider, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine including, but not limited to the practice of internal medicine and gastroenterology, and as such owed a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of internal medicine and gastroenterology.

4. At all times hereinafter set forth, the Defendant, Anne Arundel Gastroenterology Associates, P.A., was, and is, a professional association which held itself out to the general public as providing and employing general surgery specialists with experience and competence and in such capacity, possessed that degree of skill and knowledge which is ordinarily possessed by those who devote themselves to the practice of medicine including, but not limited to, gastroenterology, and as such, owed a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of gastroenterology.

5. At all times hereinafter set forth, the Defendant, Charles Cattano, M.D., was an agent or employee of the Defendant Anne Arundel Gastroenterology Associates, P.A. As such the Defendant Anne Arundel Gastroenterology Associates, P.A. is vicariously liable for the omissions and commissions and negligence of Defendant Charles Cattano, M.D. during the treatment provided to the Plaintiff herein.

6. On or about October 25, 2007, Defendant Charles Cattano, M.D. performed a screening colonoscopy upon the Plaintiff Rhonda D'Amico and reportedly found a 5mm sessile polyp which was excised by cold biopsy. A subsequent pathology found a tubulovillous adenoma which was also reported as negative for high grade dysplasia. Dr. Cattano then erroneously recommended a follow-up colonoscopy in five years. Objective guidelines require repeat screening colonoscopy in three years, not five years when a polyp has villous features. Furthermore, under the facts, colonoscopy was required in six months given the villous features of the polyp, its small size and the fact that excision was by cold biopsy.

7. In 2011, an hemoccult test came back positive which led to a repeat colonoscopy which was performed on or about January 10, 2012, at which time a polypoid friable mass within the vicinity of the cecum was biopsied. This led to a CT scan which was positive for a cecal mass which was consistent with malignancy with liver metastasis. Surgery was performed on January 19, 2012. Unfortunately, the Plaintiff by this time had a Stage IV-B malignancy and now faces a greater than 50% chance that she will not survive the cancer.

8. The Defendants were negligent in the following respects:

   (a) Failing to recommend repeat colonoscopy in a timely manner;

-3-

    (b)    Failing to perform colonoscopy in a timely manner; and

    (c)    And were otherwise negligent and careless.

9.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, the Plaintiff sustained painful and permanent injury to her person, great mental and emotional suffering and anguish, including, but not limited to a probable death by cancer.

10.    All of the injuries and damages herein were proximately caused by the negligent actions of the Defendants without negligence on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs claim damages against the Defendants jointly and severally in an amount to be determined by a fact finder or a jury.

### COUNT II - MARITAL COUNT

11.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 10 as if fully set forth herein.

12.    The Plaintiffs, Rhonda D'Amico and John D'Amico were and still are wife and husband.

13.    As a result of the negligence described above, the Plaintiffs suffered damages to their marital relationship, including, but not limited to, interference and loss of services and consortium, spousal advice, comfort, companionship, household duties and responsibilities, and otherwise sustained injury to their marital relationship.

14.    All of said losses, damages and injuries resulted solely and directly from the negligence of the Defendants as set forth hereinabove without negligence on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, Rhonda D'Amico and John D'Amico claim damages against the Defendants, jointly and severally, in an amount to be determined by a fact finder and/or jury.

                                                Laurence A. Marder
                                                SALSBURY, CLEMENTS, BEKMAN,
                                                 MARDER & ADKINS, LLC
                                                300 W. Pratt St., Ste. 450
                                                Baltimore, MD 21201
                                                (410) 539-6633
                                                *Attorneys for Plaintiffs*